UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANELL FONTENOT, ET AL                    CIVIL ACTION

VERSUS                                    NO: 10-954

ROBERT TOUPS, ET AL                       SECTION: J(2)

## ORDER AND REASONS

Before the Court is Defendants St. Charles Parish School
Board, Superintendent Lafon, and Assistant Principals Hall and
Baker's **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc.
18)** and Plaintiffs' **Memorandum in Opposition (Rec. Doc. 20).**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs, Janell and Wendell Fontenot, individually and on
behalf of their thirteen year-old daughter, B.F. sued two St.
Charles Parish Sheriff's Deputies, the Sheriff, the St. Charles
Parish School Board, the Superintendent of the School Board, and
two assistant principals at B.F.'s school.  According to
Plaintiffs, after classes ended on March 26, 2009, B.F. used her
cellular phone to send a text message to her mother about picking
her up from school.  One of the teachers at the school then
allegedly asked B.F. to surrender her cellular phone, despite
school rules allowing students to use cellular phones after
class.  B.F. refused to surrender the phone.  B.F. was escorted

to Assistant Principal Charley Hall's office and was asked to surrender the phone again.  After B.F. refused to comply with this request, Hall allegedly called Assistant Principal Alvera Baker to assist, but B.F. still refused to surrender the phone. Hall then called St. Charles Parish Sheriff Deputy Robert Toups to assist with retrieving the phone but B.F. continued to refuse to part with the phone and stated that she wanted to call her mother.  Hall, Baker, and Toups allegedly told her that she could not call her mother.  They also asked for the phone again and B.F. did not comply with their request.  Toups then began to handcuff B.F. and took her phone.  At about this same time, St. Charles Parish Sheriff Deputy Jason Guidry arrived at the scene and allegedly assisted Toups in handcuffing B.F.  Afterwards, Guidry and Toups escorted B.F. to the "Resource Center" where she was charged with disturbing the peace and resisting arrest.

Plaintiffs allege that B.F. was handcuffed in a violent manner and that Hall and Baker laughed while she cried and complained about the pain.  Plaintiffs further allege that as a result of the intentional conduct of Toups, Guidry, Hall, and Baker, B.F. suffered physical and emotional injuries. Additionally, B.F.'s parents allege that they suffered emotional injuries from witnessing the condition of their daughter after her arrest.

2

With respect to the Sheriff Office Deputies Toups and Guidry, individually, and in their official capacity, Plaintiffs complain of the following: battery; assault; false arrest; false imprisonment; negligent and intentional infliction of emotional distress; malicious prosecution; unlawful search and seizure; cruel treatment; failing to provide medical attention; violation of the federal, constitutional, and state laws; excessive use of force; unreasonable use of force; and deliberate indifference to B.F.'s rights, safety and dignity.

With respect to Assistant Principals Hall and Baker, Plaintiffs complain of false arrest; false imprisonment; negligent and intentional infliction of emotional distress; malicious prosecution; unlawful search and seizure; cruel treatment; failing to provide medical attention; deliberate indifference to the rights, safety, and dignity of B.F. and to the acts of Toups and Guidry; violation of federal, constitutional, and state laws; excessive use of force; and unreasonable use of force.

Plaintiffs also allege that Defendant, St. Charles Parish Sheriff Greg Champagne, individually and in his official capacity, is liable under the doctrine of *respondeat superior* for the acts committed by Toups and Guidry.  Additionally, Plaintiffs allege that Champagne is liable for the negligent hiring, training, retention, and supervision of Toups and Guidry for

3

deliberate indifference to Toups and Guidry's acts, and for disregarding the complaints Plaintiffs filed at the sheriff's office.

Lastly, Plaintiffs allege that the St. Charles School Board and Superintendent Rodney Lafon are liable under the doctrine of *respondeat superior* for the acts committed by Hall and Baker; for their negligent hiring, retention, training, and supervision of Hall and Baker; and for Hall and Baker's deliberate indifference to the rights and safety of B.F.

Defendants St. Charles Parish School Board, Superintendent Lafon, and Assistant Principals Hall and Baker (collectively "Defendants") have filed the current motion to dismiss all the claims pursuant to Rule 12(b)(6) (Defendants Robert Toups, Jason Guidry, and Greg Champagnes are not parties to this motion).

### THE PARTIES' ARGUMENTS

Defendants argue that the school board and Superintendent Lafon, in his official capacity, cannot be held liable for any unlawful actions of the assistant principals.  Defendants argue that claims against a municipality for constitutional rights violations must stem from a policy or custom of the government. Here, according to Defendants, Plaintiffs have not pled that any type of policy contributed to the alleged violations of B.F.'s constitutional rights.

Defendants also argue that Superintendent Lafon cannot be held liable in his individual capacity without a showing that he was personally involved in the acts causing a deprivation of rights under 42 U.S.C. § 1983. According to Defendants, the negligent hiring, training, and supervision claims incur no governmental liability because Plaintiffs have pled no facts that indicate that the school board's hiring or supervision policies were inadequate or directly led to the alleged constitutional violations. Additionally, Defendants argue that Plaintiffs cannot prove their constitutional tort claims because Plaintiffs have pled no facts to meet the "deliberate indifference" standard required to prove a defendant committed a constitutional tort.

Regarding Assistant Principals Hall and Baker, Defendants argue for qualified immunity and claim that Assistant Principals Hall and Baker are public officials and cannot be held liable for damages unless their conduct was unreasonable in light of clearly established law. Defendants also argue that the assistant principals' only actions were calling B.F. into the office and contacting Toups. These actions, according to Defendants, did not deprive B.F. of any constitutional rights or otherwise violate the law. However, even if Hall and Baker had overreacted, mistakenly, Defendants believe Hall and Baker are shielded by qualified immunity.

Plaintiffs argue that they have met the pleading standard on the constitutional tort claims.  First, Plaintiffs argue that Defendants violated the constitutional tort of malicious prosecution.  Secondly, Plaintiffs argue that the seizure of the cell phone was unreasonable as a matter of law because B.F. was using the cell phone in compliance with school policy at the time the teacher requested B.F. to surrender the phone.  Accordingly, Plaintiffs believe that this seizure was a violation of the Fourth Amendment, which requires that any search or seizure of students comply with a reasonableness standard.  Lastly, Plaintiffs argue that Hall and Baker are not entitled to qualified immunity.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v.

6

Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  The court is not,
however, bound to accept as true legal conclusions couched as
factual allegations.  Iqbal, 129 S.Ct. at 149-50.

**I.   Superintendent Lafon and St. Charles Parish School
    Board**

Plaintiff has alleged that Superintendent Lafon, in his
individual and official capacity, and the St. Charles Parish
School Board, are liable under § 1983 through the doctrine of
*respondeat superior* for the claims brought against Hall and
Baker.  However, the doctrine of *respondeat superior* is not
applicable in the context of municipal liability for Section 1983
claims.  See Monell v. Department of Social Services of City of
New York, 436 U.S. 658, 691 (1978).  Therefore, municipal
entities such as the St. Charles Parish School Board, cannot be
held liable under the doctrine of *respondeat superior*.  Further,
since supervisory officials may not be found vicariously liable
for the actions of their subordinates under Section 1983, Monell,
436 U.S. at 691-95, Superintendent Lafon cannot be held liable
under the doctrine of *respondeat superior* either.  Accordingly,
Plaintiffs' "*respondeat superior*" claims against the St. Charles
Parish School Board and Superintendent Lafon must be dismissed.

However, St. Charles Parish School Board and Superintendent
Lafon, in his individual and official capacity, can be liable to
Plaintiffs for negligent hiring, retention, training, and
supervision of Hall and Baker, if the Plaintiffs are able to

7

prove that they were deliberately indifferent to Hall and Baker's actions. However, in the complaint, Plaintiffs do not allege any facts that allows this court to find that it is plausible that they are entitled to relief on these claims. Plaintiffs simply state that Defendants St. Charles Parish School Board and Superintendent Lafon, in his individual and official capacity, negligently hired, retained, trained and supervised Hall and Baker. These allegations are legal conclusions, which this court is not bound to accept as true. Iqbal, 129 S.Ct. at 149-50. Therefore, Plaintiffs' negligent hiring, retention, training, and supervision claims should be dismissed pursuant to 12(b)(6) for failure to state a claim.

## II.   **Assistant Principals Hall and Baker**

Defendants Hall and Baker allege that Plaintiffs' claims against them should be dismissed for failure to state a claim because they are entitled to qualified immunity. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982). When determining if qualified immunity exists, a court considers 1) whether there is an alleged violation of a constitutional right and 2) whether that right was clearly established at the time of Defendants' alleged misconduct.

8

Atteberry v. Nocona General Hosp., 430 F.3d 245, 253 (5th Cir. 2005).

Plaintiffs allege that Hall and Baker violated B.F.'s constitutional right to be free from malicious prosecution and illegal searches and seizures.  Courts have held that a claim of a right to be free from malicious prosecution is identical to the right to be free from an unlawful seizure under the Fourth Amendment.  See Whiting v. Traylor, 85 F.3d 581 (11th Cir. 1996); Kelly v. Curtis, 21 F.3d 1544, 1555 (11th Cir. 1996); see also Keko v. Hingle, 1999 WL 508406 (E.D. La. July 8, 1999) (stating the Fifth Circuit recognizes the Fourth Amendment constitutional tort of malicious prosecution).  Therefore, Plaintiffs' malicious prosecution and Fourth Amendment claims are essentially one in the same.

"The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures.'" Milligan v. City of Slidell, 226 F.3d 652, 655 (5th Cir. 2000) (citing Terry v. Ohio, 392 U.S. 1, 8 (1968)).  The main focus in a claim of a Fourth Amendment violation is whether the search or seizure was reasonable under the circumstances.  Milligan, 226 F.3d at 654 (citing Terry, 392 U.S. at 19).  This reasonableness inquiry is assessed by balancing the governmental interest against the invasion which the search or seizure entails.  Id. (citing Terry,

392 U.S. at 20-21).  However, in the school context, the
reasonableness inquiry must take into account the schools'
custodial and tutelary responsibility for children.  Id. (citing
Vernonia School District 47J v. Acton, 515 U.S. 646, 656 (1995)).
Therefore, students in the school environment have a lesser
expectation of privacy than the general population.  Milligan,
226 F.3d at 655-56.

     According to Plaintiffs, despite a school policy allowing
students to use their cellular phones after school hours, Hall
escorted B.F. to his office because B.F. refused to surrender her
cellular phone to a teacher.  While in the office, Hall asked for
the phone but B.F. refused his request.  Hall then asked Baker
for his assistance in retrieving the phone.  After unsuccessful
attempts, Hall and Baker requested the assistance of campus
security officer Deputy Toups, who eventually handcuffed B.F.
During the time B.F. was in Hall's office, Baker and Hall also
allegedly refused to allow B.F. to call her mother.  Accepting
these allegations as true, it is plausible that Baker and Hall's
actions were unreasonable, even under the "relaxed" school
environment Fourth Amendment analysis.  In their pleadings, Baker
and Hall do not dispute B.F.'s claim that she was entitled to use
and possess her phone during the time she was summoned to the
office and asked to surrender the phone.  They simply state that
assistant principals have the duty to maintain order and

discipline at schools, and that bringing a student to the office
does not violate school policy, even if the reasons for bringing
the student to the office was invalid, and therefore, Plaintiffs'
claims should be dismissed because they are entitled to qualified
immunity.

At this time, this Court does not express a ruling on
whether an assistant principal violates a student's Fourth
Amendment right by bringing the student to the office when the
student is allegedly not violating a school policy, or whether
Hall and Baker are entitled to qualified immunity under these
circumstances.  However, the Court does find that a dismissal on
qualified immunity would be premature at this time because
Plaintiffs have pled enough facts to allow this court to
determine their claim is plausible.  Accordingly, the Court
denies Hall and Baker's motion to dismiss.

<u>**CONCLUSION**</u>

Considering the foregoing, this Court finds that Defendants
St. Charles Parish School Board, Superintendent Lafon, and
Assistant Principals Hall and Baker's **Motion to Dismiss Pursuant
to Rule 12(b)(6) (Rec. Doc. 18)** should be partially **GRANTED** and
partially **DENIED**.

Specifically, **IT IS ORDERED** that Plaintiffs' **claims against
St. Charles Parish School Board and Superintendent Lafon, in his
individual and official capacity,** are hereby **DISMISSED**, with

11

prejudice.  The remainder of Plaintiffs' claims are still
pending.

New Orleans, Louisiana, this <u>1st</u> day of <u>October</u>, 2010.


_____
United States District Judge

12