```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


     FONTENOT                                 CIVIL ACTION

     VERSUS                                   NO: 10-954

     TOUPS, ET. AL.                           SECTION: J(2)
```

### ORDER AND REASONS

Before the Court are Defendants Greg Champagne, Robert Toups, and Jason Guidry's **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 25)** and Plaintiffs' **Memorandum in Opposition (Rec. Doc. 26).**

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs, Janell and Wendell Fontenot, individually and on behalf of their thirteen year-old daughter, B.F., sued two St. Charles Parish Sheriff's Deputies, the Sheriff, the St. Charles Parish School Board, the Superintendent of the School Board, and two Assistant Principals at B.F.'s school. According to Plaintiffs, after classes ended on March 26, 2009, B.F. used her cellular phone to send a text message to her mother about picking her up from school. One of the teachers at the school then allegedly asked B.F. to surrender her cellular phone, despite

1

school rules allowing students to use cellular phones after class.  B.F. refused to surrender the cellular phone.  B.F. was escorted to Assistant Principal Charley Hall's office and was asked to surrender the cellular phone again.  After B.F. refused to comply with this request, Hall allegedly called Assistant Principal Alvera Baker to assist.  B.F., however, still refused to surrender the cellular phone.  Hall then called St. Charles Parish Sheriff's Deputy Robert Toups to assist with retrieving the cellular phone, but B.F. continued to refuse to part with the phone and stated that she wanted to call her mother.  Hall, Baker, and Toups allegedly told B.F. that she could not call her mother.  They also asked for the cellular phone again, and B.F. did not comply with their request.  Toups then began to handcuff B.F. and took her cellular phone.  At about this same time, St. Charles Parish Sheriff's Deputy Jason Guidry arrived at the scene and allegedly assisted Toups in handcuffing B.F.  Afterwards, Guidry and Toups escorted B.F. to the "Resource Center" where she was charged with disturbing the peace and resisting arrest.

    Plaintiffs allege that B.F. was handcuffed in a violent manner and that Hall and Baker laughed while she cried and complained about the pain.  Plaintiffs further allege that as a result of the intentional conduct of Toups, Guidry, Hall, and

Baker, B.F. suffered physical and emotional injuries. Additionally, B.F.'s parents allege that they suffered emotional injuries from witnessing the condition of their daughter after her arrest.

With respect to Sheriff's Deputies Toups and Guidry, individually and in their official capacity, Plaintiffs complain of the following: battery; assault; false arrest; false imprisonment; negligent and intentional infliction of emotional distress; malicious prosecution; unlawful search and seizure; cruel treatment; failing to provide medical attention; violation of federal, constitutional, and state laws; excessive use of force; unreasonable use of force; and deliberate indifference to B.F.'s rights, safety, and dignity.

With respect to Assistant Principals Hall and Baker, Plaintiffs complain of false arrest; false imprisonment; negligent and intentional infliction of emotional distress; malicious prosecution; unlawful search and seizure; cruel treatment; failing to provide medical attention; deliberate indifference to the rights, safety, and dignity of B.F. and to the acts of Toups and Guidry; and violation of federal, constitutional, and state laws.

Plaintiffs also allege that St. Charles Parish Sheriff Greg

Champagne, individually and in his official capacity, is liable under the doctrine of *respondeat superior* for the acts committed by Toups and Guidry. Additionally, Plaintiffs allege that Champagne is liable for the negligent hiring, training, retention, and supervision of Toups and Guidry and for deliberate indifference to Toups and Guidry's acts and to the complaints that Plaintiffs filed at the Sheriff's Office.

Lastly, Plaintiffs allege that the St. Charles School Board and Superintendent Rodney Lafon are liable under the doctrine of *respondeat superior* for the acts committed by Hall and Baker; for their negligent hiring, retention, training, and supervision of Hall and Baker; and for Hall and Baker's deliberate indifference to the rights and safety of B.F.

Defendants Sheriff Champagne, Sheriff's Deputy Toups, and Sheriff's Deputy Guidry (collectively "Defendants") have filed the current Motion to Dismiss (Rec. Doc. 25), seeking to dismiss all claims pursuant to Rule 12(b)(6). Defendants St. Charles Parish School Board, Superintendent Lafon, and Assistant Principals Hall and Baker are not parties to this motion.

## THE PARTIES' ARGUMENTS

In their Motion to Dismiss (Rec. Doc. 25), Defendants argue that Sheriff Champagne, in his individual and official capacity,

4

cannot be held liable for any unlawful actions of Sheriff's Deputies Toups and Guidry because *respondeat superior* does not apply to actions pursuant to Title 42, United States Code, Section 1983.  In order to hold Champagne liable for constitutional violations committed by Toups and Guidry, Defendants state that Plaintiffs must prove that a policy or custom of Champagne directly caused the alleged constitutional violation, which they have not done.  Moreover, Defendants argue that Champagne cannot be held liable for (1) negligent hiring, training, retention, and supervision of Toups and Guidry and (2) deliberate indifference to Toups and Guidry's acts and Plaintiffs' complaints because Plaintiffs have not pled sufficient facts to support these claims.

    Regarding Sheriff's Deputy Guidry, Defendants argue that Plaintiffs have failed to state facts sufficient to establish any claim against him.  Then Defendants state that Champagne, Toups, and Guidry are entitled to qualified immunity as public officers and cannot be held liable for damages under Section 1983 unless their conduct was unreasonable in light of clearly established law.  According to Defendants, Champagne, Toups, and Guidry acted reasonably, so qualified immunity should shield them from liability.

Finally, Defendant request that if the Court decides to dismiss Plaintiffs' federal law claims, then the Court should also dismiss Plaintiffs' state law claims for lack of jurisdiction.  In the alternative, Defendants argue that Plaintiffs will not be able to meet their burden of proof at trial on any state law claim, including negligence, false arrest, and intentional infliction of emotional distress.

In their Memorandum in Opposition (Rec. Doc. 26), Plaintiffs argue that Defendants have not met their heavy burden of proof under Federal Rule of Civil Procedure 12(b)(6).  Moreover, Plaintiffs state that Defendants should not be entitled to qualified immunity under Section 1983 because their conduct was unreasonable as a matter of law.  Plaintiffs describe how Defendants violated B.F.'s Fourth Amendment right to be free of unreasonable search, seizure, and detention; Fourth Amendment right to be free from the excessive use of force; and right to be free from false arrest and imprisonment.  In response to Defendants' assertions regarding Plaintiffs' state law claims, Plaintiffs argue that their federal law claims should not be dismissed and that they have adequately pled state law causes of action.

Finally, with regards to claims against Sheriff Champagne,

Plaintiffs concede that Champagne cannot be held liable through *respondeat superior* for claims under Section 1983, but they state that he can still be vicariously liable for Plaintiffs' state law claims against Sheriff's Deputies Toups and Guidry.  Moreover, Plaintiffs argue that they have sufficiently pled facts to support an independent cause of action against Champagne for negligent hiring, training, retention, and supervision.

## DISCUSSION

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  The allegations "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The Court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 129 S.Ct. at 149-50.

## I. Sheriff Champagne

Plaintiffs have conceded that Sheriff Champagne, in his individual and official capacity, is not liable under Section 1983 through the doctrine of *respondeat superior* for the claims brought against Sheriff's Deputies Toups and Guidry. Supervisory officials may not be found vicariously liable for the actions of their subordinates under Section 1983, Monell v. Dep't of Social Services of City of N.Y., 436 U.S. 658, 691-95 (1978), so Champagne cannot be held liable through the doctrine of *respondeat superior* for the constitutional violations of Toups and Guidry. Accordingly, Plaintiffs' "*respondeat superior*" claims under Section 1983 against Champagne must be dismissed, and the issue of whether or not Champagne is entitled to qualified immunity does not need to be addressed. However, Champagne can be held liable through the doctrine of *respondeat*

*superior* for the acts of Toups and Guidry that violate state law, so these claims against Champagne should not be dismissed.

Sheriff Champagne can also be liable, in his individual and official capacity, for (1) negligent hiring, training, retention, and supervision of Toups and Guidry and (2) deliberate indifference to the acts of Toups and Guidry and to the Plaintiffs' complaints at the Sheriff's Office.  When considered in the light most favorable to Plaintiffs, Plaintiffs' complaint alleges enough facts to allow the Court to determine that these claims are plausible at this time and should not be dismissed.

## II. Sheriff's Deputies Toups and Guidry

Defendants allege that Plaintiffs' claims under Section 1983 against Sheriff's Deputies Toups and Guidry should be dismissed for failure to state a claim because Toups and Guidry are entitled to qualified immunity.  Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800 (1982).  When determining if qualified immunity exists, a court considers (1) whether there is an alleged violation of a constitutional right and (2) whether that right was clearly established at the time of

Defendants' alleged misconduct.  <u>Atteberry v. Nocona General Hosp.</u>, 430 F.3d 245, 253 (5th Cir. 2005).

Plaintiffs allege that Toups and Guidry violated B.F.'s Fourth Amendment right to be free of unreasonable search, seizure, and detention; Fourth Amendment right to be free from the excessive use of force; and right to be free from false arrest and imprisonment.  At this time, the Court does not express a ruling on whether Toups and Guidry violated these rights or whether Toups and Guidry are entitled to qualified immunity.  However, the Court does find that a dismissal on qualified immunity would be premature at this time because Plaintiffs have pled enough facts to allow the Court to determine that their claims are plausible and that the actions of Toups and Guidry may have been unreasonable.  Accordingly, Plaintiffs' claims under Section 1983 against Toups and Guidry should not be dismissed.  Likewise, Plaintiffs' state law claims against Toups and Guidry should not be dismissed.

Considering the foregoing, the Court finds that Defendants Greg Champagne, Robert Toups, and Jason Guidry's **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 25)** should be partially **GRANTED** and partially **DENIED**.

Specifically, **IT IS ORDERED** that Plaintiffs' **Section 1983**

**claims against Defendant Greg Champagne under the theory of** *respondeat superior* must be dismissed**,** and are hereby **DISMISSED**, with prejudice.  The remainder of Plaintiffs' claims are still pending.

New Orleans, Louisiana, this 14th day of December, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE