```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA


FONTENOT                                CIVIL ACTION

VERSUS                                  NO: 10-954

TOUPS, ET. AL.                          SECTION: J(2)
```

### ORDER AND REASONS

Before the Court are Defendant Charles Hall and Alvera Baker's **Motion for Summary Judgment and Attorneys' Fees (Rec. Doc. 38)** and Plaintiffs' **Memorandum in Opposition (Rec. Doc. 40).**

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs, Janell and Wendell Fontenot, individually and on behalf of their thirteen year-old daughter, B.F., sued two St. Charles Parish Sheriff's Deputies, the Sheriff, the St. Charles Parish School Board, the Superintendent of the School Board, and two Assistant Principals at B.F.'s school. After classes ended on March 26, 2009, B.F. used her cellular phone to send a text message to her mother about picking her up from school. B.F. was staying after school to take an exam and sent the text message during the administration of that exam. One of the teachers at the school asked B.F. to surrender her cellular phone despite school rules allowing students to use cellular phones after regular school hours. B.F. refused to surrender the cellular

1

phone.  B.F. was then escorted to Assistant Principal Charley Hall's office and was asked to surrender the cellular phone again.  After B.F. refused to comply with this request, Hall called Assistant Principal Alvera Baker to assist.  B.F., however, still refused to surrender the cellular phone.  Hall then called St. Charles Parish Sheriff's Deputy Robert Toups to assist with retrieving the cellular phone, but B.F. continued to refuse to part with the phone and stated that she wanted to call her mother.  Hall, Baker, and Toups told B.F. that she could not call her mother, but B.F. called her mother anyway.  Hall, Baker, and Toups also asked for the cellular phone again, and B.F. did not comply with their request.  Defendants allege that B.F. was causing a public disturbance during this process.  Toups then began to handcuff B.F. and took her cellular phone.  At about this same time, St. Charles Parish Sheriff's Deputy Jason Guidry arrived at the scene and assisted Toups in handcuffing B.F.  Afterwards, Guidry and Toups escorted B.F. to the "Resource Center" where she was charged with disturbing the peace and resisting arrest.  B.F. was later adjudicated delinquent on both of these charges.

  Plaintiffs allege that B.F. was handcuffed in a violent manner and that Hall and Baker laughed while she cried and

complained about the pain.  Plaintiffs further allege that as a result of the intentional conduct of Toups, Guidry, Hall, and Baker, B.F. suffered physical and emotional injuries. Additionally, B.F.'s parents allege that they suffered emotional injuries from witnessing the condition of their daughter after her arrest.

With respect to Sheriff's Deputies Toups and Guidry, individually and in their official capacity, Plaintiffs complain of the following: battery; assault; false arrest; false imprisonment; negligent and intentional infliction of emotional distress; malicious prosecution; unlawful search and seizure; cruel treatment; failing to provide medical attention; violation of federal, constitutional, and state laws; excessive use of force; unreasonable use of force; and deliberate indifference to B.F.'s rights, safety, and dignity.  These claims survived dismissal under Federal Rule of Civil Procedure 12(b)(6).

With respect to Assistant Principals Hall and Baker, Plaintiffs complain of false arrest; false imprisonment; negligent and intentional infliction of emotional distress; malicious prosecution; unlawful search and seizure; cruel treatment; failing to provide medical attention; deliberate indifference to the rights, safety, and dignity of B.F. and to

the acts of Toups and Guidry; and violation of federal, constitutional, and state laws.  These claims survived dismissal under Rule 12(b)(6).

Plaintiffs also allege that St. Charles Parish Sheriff Greg Champagne, individually and in his official capacity, is liable under the doctrine of *respondeat superior* for the acts committed by Toups and Guidry.  Additionally, Plaintiffs allege that Champagne is liable for the negligent hiring, training, retention, and supervision of Toups and Guidry and for deliberate indifference to Toups and Guidry's acts and to the complaints that Plaintiffs filed at the Sheriff's Office.  The *respondeat superior* claims under 42 U.S.C. § 1983 against Champagne were dismissed (Rec. Doc. 33), but Plaintiffs' other claims against Champagne survived dismissal under Rule 12(b)(6).

Lastly, Plaintiffs allege that the St. Charles Parish School Board and Superintendent Rodney Lafon are liable under the doctrine of *respondeat superior* for the acts committed by Hall and Baker; for their negligent hiring, retention, training, and supervision of Hall and Baker; and for Hall and Baker's deliberate indifference to the rights and safety of B.F.  These claims have been dismissed by the Court (Rec. Doc. 21).

Defendants Hall and Baker have filed the instant Motion for

4

Summary Judgment and Attorneys' Fees (Rec. Doc. 38), and Plaintiffs oppose the motion.  All other defendants are not parties to this motion.

## THE PARTIES' ARGUMENTS

In their Motion for Summary Judgment and Attorneys' Fees (Rec. Doc. 38), Hall and Baker argue that there is no genuine issue of material fact and that they are entitled to summary judgment as a matter of law.  Hall and Baker state that Plaintiffs have not provided any evidence to support their claims of constitutional violations.  Both of B.F.'s parents testified in depositions that their only complaint against Hall and Baker was that they called Toups to handle the disturbance instead of waiting for B.F.'s mother to arrive at the school.  Hall and Baker state that the undisputed facts do not support Plaintiffs' First, Fourth, Fifth, Eighth, and Fourteenth Amendment claims.  Likewise, Plaintiffs' state-law tort claims of malicious prosecution, negligent and intentional infliction of emotional distress, false arrest, and false imprisonment have no merit.  Finally, Hall and Baker argue that they are entitled to nominal attorneys' fees under 42 U.S.C. § 1988 as prevailing defendants for the time spent by counsel in preparing and filing the instant motion.

In their Memorandum in Opposition (Rec. Doc. 40), Plaintiffs state that they do not oppose the dismissal of their claims against Baker but that they do oppose the motion for summary judgment as to Hall and the motion for attorneys' fees. Plaintiffs argue that Hall had a duty as Assistant Principal to protect B.F., and he failed to protect B.F. from the excessive and unreasonable force used by Toups—force that Hall himself set in motion but did not anticipate or intend.  Plaintiffs further claim that the search and seizure of B.F. for her cellular phone were unreasonable because B.F. never denied that she had a phone or concealed the phone.  Finally, Plaintiffs state that attorneys' fees should not be awarded to Hall and Baker because Plaintiffs' claims are not frivolous.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment.

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986).  Plaintiffs do not oppose the dismissal of their claims against Baker, so the summary judgment standard will only be analyzed as it pertains to Hall.

In this case, the parties do not seem to dispute what actually happened.  The parties agree (1) that B.F. had a cellular phone at school, (2) that she used the phone after regular school hours had ended, (3) that she used the phone while an exam was being administered, (4) that she was asked repeatedly by various school administrators to surrender the phone, (5) that she repeatedly refused to surrender the phone, (6) that she was handcuffed by Toups while on the ground, and (7) that she was adjudicated delinquent for disturbing the peace and resisting arrest.  The parties dispute (1) whether B.F. was violating the school policy regarding the use of cellular phones during regular school hours, (2) whether the school administrators should have waited for B.F.'s mother to arrive, (3) whether Toups used unreasonable force in arresting B.F., and (4) the degree of injury that B.F. sustained.

Although some factual issues remain in dispute, these issues of fact are not genuine in order to preclude summary judgment. Whether or not B.F. was actually violating the school policy

regarding the use of cellular phones during regular school hours is not a genuine issue of fact because the school administrators still had a valid reason for seeking to confiscate B.F.'s phone—the administration of an exam.  If it is found that B.F. was using her phone in compliance with the school's cellular phone policy, Hall was still justified in asking her to surrender the phone.  All of Hall's actions would not be found to be unreasonable simply because B.F. was using her phone after regular school hours.  The same goes for the dispute regarding whether the school administrators should have waited for B.F.'s mother to arrive.  Just because Hall did not wait for B.F.'s mother does not mean that his repeated requests for the cellular phone were unreasonable.  Third, the issue of whether Toups used unreasonable force in arresting B.F. is not a genuine issue of fact with regard to the claims against Hall, who did not use any force against B.F.  Finally, the details of B.F.'s injuries might be in dispute, but the general consensus is that her wrists hurt for a little while from the handcuffs, she was upset about being arrested, and she has some lingering fear of authorities.  The Court does not find any dispute over the intricacies of these injuries to be genuine in order to preclude summary judgment.

    Because no genuine issues of material fact exist, the Court

must determine whether Hall is entitled to judgment as a matter of law.  With regard to Plaintiffs' claims of constitutional violations under Section 1983, Hall has raised the defense of qualified immunity.  In order to overcome this defense, the facts alleged must establish the violation of a constitutional right, and that right must be "clearly established" at the time of the alleged misconduct by Hall.  <u>Pearson v. Callahan</u>, 555 U.S. 223, 129 S. Ct. 808, 815-16 (2009).  Even if Plaintiffs are able to establish that Hall's conduct violated various constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, Plaintiffs will be unable to meet their burden of proving that those rights were clearly established at the time of the misconduct.  Thus, the Court finds that Plaintiffs, as a matter of law, will be unable to overcome Hall's defense of qualified immunity, and summary judgment on these claims should be granted.

Plaintiffs have also asserted various state-law claims against Hall, including false arrest, false imprisonment, negligent and intentional infliction of emotional distress, and malicious prosecution.  "The tort of false arrest or false imprisonment occurs when one arrests and restrains another against his will and without statutory authority."  <u>Cook v. Am.</u>

Gateway Bank, 49 So. 3d 23, 36 (La. App. 1 Cir. 2010). In this case, Plaintiffs will be unable to prevail as a matter of law on these causes of action because Hall had statutory authority to restrain B.F. when attempting to confiscate her cellular phone. See LA. REV. STAT. ANN. § 416 (2011). In order to prevail under a cause of action for intentional infliction of emotional distress, Plaintiffs must prove that Hall's conduct was extreme and outrageous, as well as intentional. White v. Monsanto Co., 585 So. 2d 1205, 1209 (La. 1991). The Court finds that Plaintiffs will be unable to demonstrate that Hall's actions were extreme and outrageous in order to recover under this theory. Likewise, in order to prevail under a cause of action for negligent infliction of emotional distress, Plaintiffs must prove that Hall acted negligently and caused genuine and serious emotional distress. Moresi v. State Through Dep't of Wildlife and Fisheries, 567 So. 2d 1081, 1095-96 (La. 1990). Plaintiffs, however, will be unable to prove that Hall breached his duty of care to B.F. in order to establish negligence, let alone prove that B.F. suffered genuine and serious emotional distress. The elements of a cause of action for malicious prosecution include "a *commencement or continuance* of a criminal proceeding and a bona fide termination of the proceeding in favor of the

plaintiff." Sauviac v. Dobbins, 949 So. 2d 513, 519 (La. App. 5 Cir. 2006) (emphasis in original). In this case, Plaintiffs will be unable to prevail as a matter of law on this cause of action because the juvenile proceedings for disturbing the peace and resisting arrest did not end in B.F.'s favor. The Court finds that Plaintiffs are not entitled to relief as a matter of law on their state court claims, and summary judgment in favor of Hall is appropriate.

Regarding Hall and Baker's request for attorneys' fees, Section 1988 states that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . . 42 U.S.C. § 1988(b) (2010). In order for a successful defendant to recover attorneys' fees under Section 1988, the defendant must show that the plaintiff's claim was "frivolous, unreasonable, or groundless." Myers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir. 2000) (quoting Walker v. City of Bogalusa, 168 F.3d 237, 239 (5th Cir. 1999)). When considering whether a suit is frivolous, a district court should consider various factors, including "whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court

held a full trial." Myers, 211 F.3d at 292. The high standard applied to defendants under Section 1988 is designed to "ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." Id. (quoting Aller v. N.Y. Bd. of Elections, 586 F. Supp. 603, 605 (S.D. N.Y. 1984)). Given the high standard applied to defendants under Section 1988 and the fact that Plaintiffs' claims against Hall and Baker survived dismissal under Rule 12(b)(6), the Court chooses not to exercise its discretion to award attorneys' fees at this time.

Considering the foregoing, **IT IS ORDERED** that Defendant Hall and Baker's **Motion for Summary Judgment and Attorneys' Fees (Rec. Doc. 38)** is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is **GRANTED** with regard to summary judgment, but it is **DENIED** with regard to attorneys' fees.

New Orleans, Louisiana, this 16th day of February, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE