```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


FONTENOT                                   CIVIL ACTION

VERSUS                                     NO: 10-954

TOUPS, ET. AL.                             SECTION: J(2)
```

### ORDER AND REASONS

Before the Court are Defendant Robert Toups, Jason Guidry, and Greg Champagne's **Motion for Summary Judgment (Rec. Doc. 45)** and Plaintiffs' **Memorandum in Opposition (Rec. Doc. 48)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs, Janell and Wendell Fontenot, individually and on behalf of their thirteen year-old daughter, B.F., sued two St. Charles Parish Sheriff's Deputies, the Sheriff, the St. Charles Parish School Board, the Superintendent of the School Board, and two Assistant Principals at B.F.'s school.  After classes ended on March 26, 2009, B.F. used her cellular phone to send a text message to her mother about picking her up from school.  B.F. was staying after school to take an exam and sent the text message during the administration of that exam.  One of the teachers at the school asked B.F. to surrender her cellular phone despite school rules allowing students to use cellular phones after regular school hours.  B.F. refused to surrender the cellular

1

phone.  B.F. was then escorted to Assistant Principal Charley Hall's office and was asked to surrender the cellular phone again.  After B.F. refused to comply with this request, Hall called Assistant Principal Alvera Baker to assist.  B.F., however, still refused to surrender the cellular phone.  Hall then called St. Charles Parish Sheriff's Deputy Robert Toups to assist with retrieving the cellular phone, but B.F. continued to refuse to part with the phone and stated that she wanted to call her mother.  Hall, Baker, and Toups told B.F. that she could not call her mother, but B.F. called her mother anyway.  Hall, Baker, and Toups also asked for the cellular phone again, and B.F. did not comply with their request.  Defendants allege that B.F. was causing a public disturbance during this process.  Toups then began to handcuff B.F. and took her cellular phone.  At about this same time, St. Charles Parish Sheriff's Deputy Jason Guidry arrived at the scene and assisted Toups in handcuffing B.F. Afterwards, Guidry and Toups escorted B.F. to the "Resource Center" where she was charged with disturbing the peace and resisting arrest.  B.F. was later adjudicated delinquent on both of these charges.

   Plaintiffs allege that B.F. was handcuffed in a violent manner and that Hall and Baker laughed while she cried and

complained about the pain.  Plaintiffs further allege that as a result of the intentional conduct of Toups, Guidry, Hall, and Baker, B.F. suffered physical and emotional injuries. Additionally, B.F.'s parents allege that they suffered emotional injuries from witnessing the condition of their daughter after her arrest.

With respect to Sheriff's Deputies Toups and Guidry, individually and in their official capacity, Plaintiffs complain of the following: battery; assault; false arrest; false imprisonment; negligent and intentional infliction of emotional distress; malicious prosecution; unlawful search and seizure; cruel treatment; failing to provide medical attention; violation of federal, constitutional, and state laws; excessive use of force; unreasonable use of force; and deliberate indifference to B.F.'s rights, safety, and dignity.  These claims survived dismissal under Federal Rule of Civil Procedure 12(b)(6).

With respect to Assistant Principals Hall and Baker, Plaintiffs complain of false arrest; false imprisonment; negligent and intentional infliction of emotional distress; malicious prosecution; unlawful search and seizure; cruel treatment; failing to provide medical attention; deliberate indifference to the rights, safety, and dignity of B.F. and to

the acts of Toups and Guidry; and violation of federal, constitutional, and state laws.  These claims have been dismissed by the Court (Rec. Doc. 42).

Plaintiffs also allege that St. Charles Parish Sheriff Greg Champagne, individually and in his official capacity, is liable under the doctrine of *respondeat superior* for the acts committed by Toups and Guidry.  Additionally, Plaintiffs allege that Champagne is liable for the negligent hiring, training, retention, and supervision of Toups and Guidry and for deliberate indifference to Toups and Guidry's acts and to the complaints that Plaintiffs filed at the Sheriff's Office.  The *respondeat superior* claims under 42 U.S.C. § 1983 against Champagne were dismissed (Rec. Doc. 33), but Plaintiffs' other claims against Champagne survived dismissal under Rule 12(b)(6).

Lastly, Plaintiffs allege that the St. Charles Parish School Board and Superintendent Rodney Lafon are liable under the doctrine of *respondeat superior* for the acts committed by Hall and Baker; for their negligent hiring, retention, training, and supervision of Hall and Baker; and for Hall and Baker's deliberate indifference to the rights and safety of B.F.  These claims have been dismissed by the Court (Rec. Doc. 21).

The remaining claims in this case are as follows: (1) all of

the claims against Defendants Toups and Guidry, including the Section 1983 and state-law claims against them, and (2) the state-law *respondeat superior* claims and independent state-law negligence claims against Defendant Champagne. Defendants Toups, Guidry, and Champagne have now filed a Motion for Summary Judgment on these remaining claims (Rec. Doc. 45), and Plaintiffs oppose the motion.

## THE PARTIES' ARGUMENTS

In their Motion for Summary Judgment (Rec. Doc. 45), Defendants Toups, Guidry, and Champagne assert that their actions in response to B.F.'s public disturbance were objectively reasonable and did not violate B.F.'s constitutional rights. Moreover, Toups and Guidry argue that they are entitled to qualified immunity from any civil liability arising out of the incident, and all three defendants contend that Plaintiffs have not asserted enough facts to support their state-law claims. Toups, Guidry, and Champagne also request that if Plaintiffs' Section 1983 claims against Toups and Guidry are dismissed, the Court dismiss Plaintiffs' state-law claims for want of jurisdiction.

In their Memorandum in Opposition (Rec. Doc. 48), Plaintiffs state that they do not oppose the motion for summary judgment as

to their state-law claims of malicious prosecution, false arrest, and false imprisonment against Toups and Guidry and vicariously against Champagne.  However, regarding Plaintiffs' remaining claims against the three defendants, Plaintiffs argue that genuine issues of fact remain that preclude summary judgment.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the non-moving party, but a party cannot defeat summary judgment with conclusory

allegations or unsubstantiated assertions.  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994).  A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party."  <u>Delta & Pine Land Co.</u>, 530 F.3d at 399.

In this case, the parties do not seem to dispute what actually happened.  The parties agree (1) that B.F. had a cellular phone at school, (2) that she used the phone after regular school hours had ended, (3) that she used the phone while an exam was being administered, (4) that she was asked repeatedly by various school administrators to surrender the phone, (5) that she repeatedly refused to surrender the phone, (6) that she was handcuffed by Toups while on the ground, and (7) that she was adjudicated delinquent for disturbing the peace and resisting arrest.  The parties dispute (1) whether B.F. was violating the school policy regarding the use of cellular phones during school hours, (2) whether Toups acted inappropriately as a school disciplinarian, (3) whether Toups and Guidry acted unreasonably in arresting B.F., and (4) the level of involvement of Champagne.  Although some factual issues remain in dispute, the Court finds that these issues of fact are not genuine in order to preclude summary judgment.

The doctrine of qualified immunity is an affirmative defense that protects public officials sued for violations of statutory or constitutional rights. The Supreme Court of the United States has decided that government officials performing discretionary functions should be shielded from personal liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). "Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." <u>Id.</u> Thus, the qualified immunity defense is intended to provide "protection to all but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).

Public officials may invoke qualified immunity to shield themselves not only from personal liability for civil damages, but also from suit itself. <u>Jacquez v. Procunier</u>, 801 F.2d 789, 791 (5th Cir. 1986). It must be emphasized that qualified immunity is an immunity from suit, and it extends beyond just a defense to liability to include all aspects of civil litigation.

Unless a plaintiff states a claim for violation of a clearly established law, "a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Id. (citation omitted).  Courts must "carefully scrutinize a plaintiff's claim before subjecting public officials to the burdens of broad-reaching discovery." Id.  Because of the strong public interest in protecting officials from the costs of litigation, it is imperative for the court to consider the issue of qualified immunity as early as possible and to "exercise its discretion in a way that protects the substance of the qualified immunity defense." Crawford-El v. Britton, 523 U.S. 574, 597 (1998).  In this case, the Court finds that Toups and Guidry are entitled to qualified immunity because they were exercising discretionary functions and did not violate clearly established law of which a reasonable person would have known.  Harlow, 457 U.S. at 818.

    First, the Court finds that Toups and Guidry's actions toward Plaintiffs did not violate statutory or constitutional law.  Plaintiffs' Section 1983 claims against Toups and Guidry focus on the extent of force used by the sheriff's deputies in handcuffing and arresting B.F. for disturbing the peace and resisting arrest; however, the Court finds that Toups and

Guidry's actions did not violate B.F.'s constitutional right to be free from unreasonable seizure, unreasonable force, or excessive force.  In <u>Glenn v. City of Tyler</u>, a woman complained that her arrest was an unreasonable seizure under the Fourth Amendment and that the officer used excessive force by handcuffing her too tightly.  242 F.3d 307, 310 (5th Cir. 2001).  In discussing the applicability of qualified immunity, the Fifth Circuit held that "when probable cause to arrest exists, the government's interest in enforcing its laws outweigh the suspect's privacy interest and arrest of the suspect is reasonable . . . ." <u>Id.</u> at 313-14 (internal quotations omitted).  Deviation from this principle should be limited to arrests that are done in an extraordinary manner.  <u>Id.</u>  The Fifth Circuit also found that "handcuffing too tightly, without more, does not amount to excessive force." <u>Id.</u> at 314.  In this case, although B.F. claims that her arrest was unlawful, unreasonable, and done with excessive force, the Court finds that, like the officer's actions in <u>Glenn</u>, Toups and Guidry had probable cause to arrest B.F. for disturbing the peace and resisting arrest, the arrest was not done in an extraordinary manner, and the method of handcuffing B.F. did not require the use of excessive force.  Therefore, Toups and Guidry did not violate statutory or

constitutional law.

Even if Plaintiffs are able to successfully argue that Toups and Guidry's actions violated statutory or constitutional law, the Court finds that Plaintiffs will be unable to establish that the relevant laws were *clearly* established at the time of the offense. Whether a law is clearly established depends on the "objective legal reasonableness" of the official's conduct. Cantu v. Rocha, 77 F.3d 795, 806 (5th Cir. 1996) (internal quotations omitted). The right that is allegedly violated must have been clearly established at the time of the official's conduct, and "the contours of the right must be sufficiently clear that a reasonable official would understand that the conduct in issue constitutes a violation. Where reasonable public officials could differ on the lawfulness of the official's actions, the official is entitled to qualified immunity." Id. (citation omitted). In this case, Plaintiffs will be unable to establish that B.F.'s right to be free from unlawful seizure, unreasonable force, and excessive force was clearly established at the time of Toups and Guidry's conduct because the two sheriff's deputies acted reasonably. Even if Toups and Guidry violated B.F.'s statutory and constitutional rights, reasonable officers could differ regarding the lawfulness of their conduct,

which therefore entitles them to qualified immunity.

With regard to Plaintiffs' remaining state-law claims against Toups, Guidry, and Champagne, the Court also finds that Plaintiffs will be unable to recover under these claims. Louisiana Revised Statute § 9:2798.1 states that "[l]iability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." LA. REV. STAT. ANN. § 9:2798.1.[1] The Court finds that Toups, Guidry, and Champagne are included under this statutory provision as employees of a public entity. Furthermore, they were performing discretionary acts that were within the scope of their lawful powers and duties as law enforcement officials. Therefore, Plaintiffs will be unable to prevail on their state-law claims against Toups, Guidry, and Champagne.

Considering the foregoing, **IT IS ORDERED** that Defendant

---

[1] A "public entity" under this provision is defined as "the state and any of its branches, departments, officers, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions." § 9:2798.1.

Toups, Guidry, and Champagne's **Motion for Summary Judgment (Rec. Doc. 45)** is **GRANTED**.  Plaintiffs' remaining claims against remaining Defendants Toups, Guidry, and Champagne are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 3rd day of June, 2011.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE